UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:
## 08-61393-CIV-ZLOCH/SNOW

KEITH LONDON,

      Plaintiff,

v.

CITY OF HALLANDALE BEACH,

      Defendant.

_____/

FILED by ___*IG*___ D.C.
ELECTRONIC

**AUGUST 29, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## COMPLAINT

Plaintiff, Keith London ("London"), sues Defendant, City of Hallandale Beach ("City") and states:

### JURISDICTION AND VENUE

1.    This is an action for declaratory and injunctive relief based on the Defendant's violation of Plaintiff's First Amendment rights of freedom of speech, association and right to assemble peacefully.

2.    The Court has jurisdiction of this action by virtue of 28 U.S.C. §1331, which provides that the district courts have subject-matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States.

3.    This action is brought pursuant to 42 U.S.C. §1983, which provides in relevant part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

    4.    Venue is proper with this Court under 28 U.S.C. §1391(b) as Defendant is a Florida municipal corporation located within the boundaries of the Southern District of Florida and the events giving rise to Plaintiff's claim occurred within the boundaries of the Southern District of Florida.

GENERAL ALLEGATIONS

    5.    Plaintiff is a duly elected City Commissioner of the City of Hallandale Beach.

    6.    Defendant is a Florida municipal corporation situated in Broward County, Florida.

    7.    The Hallandale Beach City Commission is the final policymaker for the Defendant and a motion passed by that body is the moving force causing the violation of Plaintiff's constitutional rights.

    8.    Defendant is in litigation with Reuters/Waste Management.

    9.    During a City Commission meeting of the City of Hallandale Beach on May 21, 2008, the City Commission passed the following motion:

> THAT NO CITY COMMISSIONER IS TO ATTEND ANY MEETING OR DISCUSS MATTERS REGARDING WASTE MANAGEMENT, GARBAGE, TRASH, RECYCLING AND RELATED ISSUES DUE TO THE ONGOING LITIGATION BETWEEN THE CITY AND REUTERS/WASTE MANAGEMENT.

    10.    Plaintiff voted against the motion, but it was passed by the City Commission.

2

11.    The right of a citizen, including the Plaintiff, to attend public meetings of local government entities is deeply embedded in Florida law. See 286.011, Fla. Stat.

12.    Plaintiff has been threatened by the Defendant that if he violates the terms of the motion he could be subject to censure and reprimand by the City Commission as well as being possibly brought by the City Commission before the Florida Commission on Ethics.

13.    If the government regulates expression based on its content, the restrictions imposed pass constitutional muster only if they survive "strict scrutiny"-that is, only if they serve a compelling state interest in a manner which imposes the least possible burden on expression.

14.    Plaintiff has regularly in the past and desires in the future to attend various public meetings of other government entities or boards such as Broward County and the Broward County Resource Recovery Board, but cannot do so under the motion passed by the Defendant if the agenda or any discussion at the meeting concerns or relates to the broad subjects of garbage, trash, recycling or related issues. The motion also prohibits Plaintiff from attending a legal or technical seminar on any of the subjects enumerated in the motion.

15.    The motion passed by the Defendant is overly broad and infringes upon Plaintiff's freedom of speech. By way of example, under the terms of the motion Plaintiff cannot discuss with his family members which one of them will take out the garbage or tell his neighbor to bring in his garbage from the curb because garbage is not scheduled to be picked up for several days.

3

16. All conditions precedent to the filing/maintenance of this action have been performed or have been waived.

## COUNT I - DECLARATORY RELIEF

17. Plaintiff adopts and incorporates by reference into this Count the allegations of above-paragraphs 1-16.

18. This is a claim for declaratory relief pursuant to 28 U.S.C. §2201.

19. Pursuant to the Fourteenth Amendment to the United States Constitution, the rights and privileges conferred by the First Amendment to the United States Constitution may not be abridged or violated by municipalities.

20. Plaintiff believes he is within his rights to attend publicly noticed meetings of other government bodies and that Defendant's motion infringes upon his First Amendment rights of assembly and association.

21. Plaintiff also believes that the broad language of Defendant's motion which prohibits him from generally discussing the subjects of garbage, waste management, trash or recycling and related issues (which issues are not defined by the motion), is overly broad and chills his right to freedom of expression/speech under the First Amendment to the United States Constitution

22. Defendant has threatened Plaintiff that if he violates the terms of the motion he could be subject to censure and reprimand by the City Commission as well as being possibly brought before the Florida Commission on Ethics.

23.     Plaintiff has no intention of disclosing anything he may learn in an attorney client session authorized by Section 286.011(8), Fla. Stat., relating to litigation between the defendant and Reuters/Waste Management.

24.     Plaintiff is a well respected public official and resident of Hallandale Beach and simply wants to attend public meetings of other government entities and to discuss the subjects of garbage, waste management, trash or recycling and related issues, without the fear of being censured or reprimanded by the City Commission or being referred by the City Commission for prosecution by the Florida Commission on Ethics.

25.     Plaintiff is entitled to recover his attorney's fees from the Defendant pursuant to 42 U.S.C. §1988.

Wherefore, Plaintiff requests that the Court declare that:

A.     The motion is unconstitutional as being violative of Plaintiff's First Amendment rights.

B.     Enjoin the enforcement of the motion.

C.     Award Plaintiff his attorney's fees and costs.

## COUNT II – TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

26.     Plaintiff adopts and incorporates by reference into this Count the allegations of above-paragraphs 1-16.

27.     This is a claim for temporary and permanent injunctive relief.

28.     There is a substantial likelihood that Plaintiff will prevail on the merits as the motion is overly broad in that it prohibits Plaintiff from attending meetings of other government bodies when anything relating to the broad

categories of garbage, waste management, trash or recycling and related issues (which issues are not defined by the motion) are discussed, even if Plaintiff sits silently and merely observes the meetings and even if those meetings have nothing whatsoever to do with the matter in litigation between the defendant and Reuters/Waste Management.

29.    Plaintiff also cannot have any discussions with anyone on the subjects of garbage, waste management, trash or recycling and related issues, even if those discussions have no relationship to the matter in litigation between the Defendant and Reuters/Waste Management.

30.    The motion and its prohibitions are also vague in that Plaintiff is left to guess what issues might be related to the aforementioned broad categories.

31.    There is a substantial threat that irreparable harm will result if the injunction is not granted in that Plaintiff has been threatened by the Defendant that it will enforce its motion with various aforementioned sanctions.

32.    The threatened injury outweighs any harm to the Defendant in that Plaintiff is at risk every day under the terms of the broadly worded ordinance. He cannot discuss anything relating to the broad topics set forth in the motion and is barred from attending public meetings of other government entities, which meeting any private citizen may otherwise attend.

33.    Defendant would suffer no harm if the motion is invalidated by the Court as the prior restraint imposed by the motion is unnecessary and certainly not narrowly tailored.

34. The granting of the preliminary injunction will not disserve the public interest as Plaintiff has the right to attend meetings of other public entities and Plaintiff and the constituents he serves should be allowed to talk freely about garbage, trash and recycling so long as Plaintiff does not reveal information he may obtain in an attorney client session authorized by Section 286.011(8), Fla. Stat., relating to litigation between the Defendant and Reuters/Waste Management.

35. Plaintiff is entitled to recover his attorney's fees from the Defendant pursuant to 42 U.S.C. §1988.

Wherefore, Plaintiff requests that the Court find the Defendant's motion unconstitutional prohibit its enforcement and award Plaintiff his reasonable attorney's fees.

WOLFE & GOLDSTEIN, P.A.
100 SE 2nd Street, Suite 3300
Miami, Florida 33131
Telephone:    (305) 381-7115
Facsimile:    (305) 381-7116

RICHARD WOLFE
Fla. Bar No: 355607
MARK GOLDSTEIN
Fla. Bar No: 882186

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or othe... except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is req... of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Keith London

## DEFENDANTS

City of Hallandale Beach

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark Goldstein, Esq.
100 S.E. 2nd Street, Suite 3300
Miami, FL 33131

ATTORNEYS (IF KNOWN)

(1) Venue – Broward

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

FTL 08CV 61393 – Zloch/Snow

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR
PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commercial/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. &Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selected Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA(1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW(405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Report- ing & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND$

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☑ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
8/29/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 986170 AMOUNT 350 – APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____